## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WENDY SHELTON, WILLIAM SHELTON**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HOME DEPOT, INC., JOHN DOE 1-10, ABC CORP. 1-10,**<br><br>**Defendants.** | Civ. No. 2:25-16375 (WJM)<br><br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Presently, Wendy Shelton ("W. Shelton") and William Shelton (jointly "Plaintiffs") move for remand of this negligence action against Defendant Home Depot U.S.A., Inc. (improperly plead as "Home Depot, Inc.") ("Defendant" or "Home Depot"). ECF No. 7. Plaintiffs also seek attorney fees and costs pursuant to 28 U.S.C. § 1447(c). The Court has carefully reviewed both parties' submissions and decides the motions without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiffs' motion to remand is **GRANTED**. Plaintiffs' request for fees and costs is **DENIED**.

### I.    BACKGROUND

On August 23, 2024, Plaintiffs filed suit in New Jersey Superior Court, Law Division, Essex County, alleging that on December 7, 2023, W. Shelton sustained "serious and permanent injuries as a result of a dangerous defective conditions" at Defendant's premises in Newark, New Jersey caused by Defendant's negligence. Compl. ¶¶ 2, 5, ECF No. 1. The Complaint does not indicate what the defective conditions were or how W. Shelton came to sustain her alleged injuries. Plaintiffs seek damages "in a sum in excess of the jurisdictional limits of all lower courts, together with the costs and disbursements" for "severe bodily injuries" accompanied by "pain and suffering." *Id.* at ¶¶ 9, 17.

Plaintiffs' Affidavit of Service shows that on August 26, 2024, the initial Summons and Complaint was left with "Ms. Paelps," a "custodian of Records" at the Home Depot in Newark, NJ. *See* Def. Opp'n Ex. C, ECF No. 14-5. On January 28, 2025, Defendant filed its Answer in state court, including an Affirmative Defense asserting improper service pursuant to N.J. Ct. R. 4:4-4. Answer, Nineteenth Affirmative Def., ECF No. 9-2.

On September 22, 2025, Plaintiffs provided their Answers to Form A Interrogatories and medical records containing specific details of W. Shelton's alleged injuries and

treatment. Not. of Removal ¶ 8. Because Plaintiffs also made a demand of $5,000,000, which exceeds the minimum $75,000 amount in controversy, on October 8, 2025, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1446(b)(3) and asserting diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at ¶¶ 4-5, 8. Plaintiffs are residents of New York. *Id.* at ¶ 6. Defendant is incorporated under the laws of Delaware with its principal place of business in Atlanta, GA. *Id.* While the parties do not dispute that diversity jurisdiction exists, Plaintiffs seek remand arguing that removal of this action was untimely under 28 U.S.C. § 1446(b)(1) and (b)(3). Because the Court finds that removal was untimely under (b)(3), Plaintiffs' motion to remand is **granted.**

## II.    MOTION TO REMAND

Generally, a defendant may remove any civil action brought in state court over which federal courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). "After a case has been removed, the district court may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking." *Negri v. Rust-Oleum, Corp.*, No. 24-7095, 2025 WL 521141, at *1 (D.N.J. Feb. 18, 2025) (citing 28 U.S.C. § 1447(c)). "[F]ailure to file a notice of removal within the time period provided by the removal statutes is a sufficient ground on which to remand an action." *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 519 (D.N.J. 1998). Removal is strictly construed, and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Boyer v. Snap–on Tools Corp*., 913 F.2d 108, 111 (3d Cir. 1990). The removing party bears the burden of showing that, at all stages of the litigation, that federal jurisdiction exists. *Boyer*, 913 F.2d at 111; *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

At issue in this case is whether removal was timely under the 30-day clock set forth in either 28 U.S.C. § 1446(b)(1) and (b)(3) within which a defendant may remove a case. "Each provision, however, is triggered only when the defendant receives a particular document: in (b)(1) the initial pleading, and in (b)(3) an amended pleading, motion, order, or other paper. If either provision is triggered, removal after thirty days is prohibited." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022) (citing *See Roth v. CHA Hollywood Med. Ctr. L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (holding that 28 U.S.C. §§ 1441 and 1446 "permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines [in § 1446(b)]")).

A. 28 U.S.C. § 1446 (b)(1)

Under 28 U.S.C. § 1446(b)(1), the notice of removal must "be filed within 30 days after the receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, ...." 28 U.S.C. § 1446(b)(1) (emphasis added). The 30-day time limitation is mandatory. *See Weinstein v. Paul Revere Ins. Co.*, 15 F. Supp. 2d 552, 560 (D.N.J. 1998); *Brown v.*

*Rite Aid Corp.*, 415 F. Supp. 3d 588, 591 (E.D. Pa. 2019); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 (3d Cir. 2003) (referencing 30-day limit as "compulsory"). Plaintiffs contend that Defendant was served a copy of the initial Summons and Complaint on August 26, 2024, but the Notice of Removal was not filed until more than one year later on October 8, 2025, well outside the statutory 30-day time limit.

However, Defendant claims it was never properly served and therefore disputes that the 30-day clock ever started to run. Under applicable state law, service on a corporation requires that a summons and complaint be served:

> on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, ...

N.J. Ct. R. R. 4:4-4 (a)(6); *see* Fed. R. Civ. P. Rule 4(h). Defendant was not served at its corporate address. Nor did Plaintiffs attempt to serve Defendant's registered agent in New Jersey. Instead, Plaintiffs served the summons and complaint on a Home Depot employee at a store in Newark. Defendant contends that because that employee was not an "officer, director, or managing or general agent," it was never properly served. *See Jameson v. Great Atlantic Pacific Tea Co.*, 363 N.J. Super. 419, 428 (App. Div. 2003) (vacating entry of default judgment finding that service on national supermarket was improper where summons and complaint was delivered to local branch cashier who was not "sufficiently integrated" with corporation that she would know what to do with the papers); *see e.g., McKnight v. Home Depot U.S.A., Inc.*, No. 23-23127, 2024 WL 2327871 (D.N.J. April 10, 2024) (holding that serving manager of Home Depot Newark location was ineffective service), *report and recommendation adopted*, 2024 WL 2319271 (D.N.J. May 20, 2024).

As interpreted by the Supreme Court, under § 1446(b)(1), "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Di Loreto v. Costigan*, 351 F. App'x 747, 751–52 (3d Cir. 2009) (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999)). "Thus, the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." *Id.* (citing *Murphy*, 526 U.S. at 350 ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.")). Because there is no indication that Defendant's local "Custodian of Records" is an "officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process," (b)(1)'s 30-day clock was not triggered. Although Plaintiffs argue that Defendant waived the defense of improper

service of process, the Court does not consider that contention as it was raised in their reply brief, which was untimely filed on December 12, 2025. Despite a December 8, 2025 deadline, Plaintiffs did not seek an extension of time. ECF No. 13.

Even if service had been proper, the statutory clock in (b)(1) is not triggered unless "the document informs the reader, to a substantial degree of specificity, that all the elements of federal jurisdiction are present." *McLaren*, 32 F.4th at 236 (cleaned up). To satisfy the "substantial degree of specificity" as to the minimum $75,000 amount in controversy, the complaint must include "a clear statement of the damages sought or … sufficient facts from which damages can be readily calculated," or "affirmatively reveal on its face that [the plaintiff] is seeking damages in excess of the minimum jurisdictional amount." *Id.* at 237 (internal quotations and citations omitted). "[W]hen a district court evaluates whether a case is removable under (b)(1), the 'inquiry begins and ends within the four corners of the pleading.'" *Id.* at 236 (citation omitted). The Court adopted this "bright-line rule" in part because it "advances judicial economy, prevents premature (protective) removals, [] discourages evasive or ambiguous pleading[,]" and "promotes clarity and ease of administration for the courts." *Id.* at 239. Also, "inquiring into what the defendant knew, rather than what a document states, could 'degenerate into a mini-trial,'" *id.* (citing *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)).

As Defendant notes, the Complaint does not contain a demand for a specific sum in accordance with New Jersey civil practice rules. *See* New Jersey Court Rule 4:5-2 ("If unliquidated money damages are claimed in any court, … the pleading shall demand damages generally without specifying the amount."). Because the amount in controversy is not apparent from the face of the initial pleading, under the bright-line rule adopted by the Third Circuit, the 30-day clock for removal under (b)(1) never began to run. *See McLaren*, 32 F.4th at 238 ("[B]ecause the four corners of each complaint Defendants received did not provide facts from which they could ascertain federal subject matter jurisdiction, the (b)(1) clock never began to run."); *see, e.g.*, *Mariani v. Raymours Furniture Co., Inc.*, No. 24-10912, 2025 WL 1520699, at *4 (D.N.J. May 13, 2025) (finding (b)(1) did not govern where timeline did not start because complaint did not state value of damages sought and instead alleged, *inter alia*, "severe and permanent disability, significant disfigurement and loss of bodily function"), *report and recommendation adopted*, 2025 WL 1519221 (D.N.J. May 28, 2025); *Negri*, 2025 WL 521141, at *3 (concluding that under Third Circuit's "bright-line" rule, the four corners of complaint did not trigger (b)(1)'s removal clock where complaint did not identify amount in controversy to "substantial degree of specificity"). Accordingly, 28 U.S.C. § 1446(b)(1) does not govern the timeliness of Defendant's removal as that 30-day clock was never triggered.

B. 28 U.S.C. § 1446(b)(3)

Next, the Court must examine whether removal was timely under 28 U.S.C. § 1446(b)(3). *See McLaren*, 32 F.4th at 238. That provision states:

if the case stated by the initial pleading is not removable, a case may be removed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

"Subsection (b)(3) 'is an exception to' (b)(1), in that it only applies if the initial pleading did not give defendant notice of removability." *McLaren*, 32 F.4th at 236 (citing *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208-09 (3d Cir. 2014)). Here, as discussed above, because the Complaint does not state the value of damages sought, the initial pleading did not give Defendant notice of removability. Instead, Defendant claims that it only became aware that the amount in controversy was met once it received Plaintiff's Answers to Form A Interrogatories and medical records on or around September 22, 2025. Not. of Removal, ¶ 8; *see Mariani*, 2025 WL 1520699, at *5 ("Courts in the Third Circuit have embraced a variety of documents that could constitute an 'other paper' under subsection (b)(3)."). As such, Defendant removed the action pursuant to (b)(3). *Id.* at ¶ 4.

Plaintiffs, however, argue that removal was untimely because the clock started to run at the outset of litigation when Defendant was provided with medical records and photographs that should have made them aware that the amount in controversy exceeded $75,000. *See* Pls. Opp'n Br. at 5. However, the Court need not decide when Defendant first ascertained removability and triggered the 30-day clock because 28 U.S.C. § 1446(c) prohibits removal "under subsection (b)(3) on the basis of [diversity] jurisdiction ... more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." The bad faith exception to § 1446(c) "requires more than mere negligence or bad judgment; there must be some motive of self-interest or ill will." *Kleiner v. Johnson & Johnson*, No. 21-3366, 2021 WL 3476184, at *2 (E.D. Pa. Aug. 6, 2021) (cleaned up); *Gainer v. Bordertown Transportation, Inc.*, No. 24-1296, 2024 WL 4940545, at *2 (E.D. Pa. Dec. 2, 2024) ("Bad faith under 28 U.S.C. § 1446(c)(1) means intentional conduct on behalf of the plaintiff which denies the defendant the opportunity to remove the case to federal court." (cleaned up)).[1] "Bad faith can be demonstrated through circumstantial evidence." *Gainer*, 2024 WL 4940545, at *2. The removing party asserting that the plaintiff acted in bad faith bears a "heavy burden of persuasion." *Bolus v. IAT Ins. Grp.*, No. 19-1712, 2019 WL 3001628, at *4 (E.D. Pa. July 9, 2019); *Thomas v. John Fenwick Serv. Plaza*, No. 19-12387, 2019 WL 2448519, at *4 (D.N.J. June 12, 2019) ("The requirement that a party acts in bad faith sets a high threshold...particularly given the strong presumption against removal." (cleaned up)).

---

[1] Neither party has raised the issue of equitable tolling, but that too often requires intentional misconduct. *See A.S. ex rel. Miller*, 769 F.3d at 211.

As this action was removed on October 8, 2025, more than 1 year after the action was filed on August 23, 2024, removal was untimely unless Defendant can show Plaintiffs acted in bad faith to prevent removal. To meet that burden, Defendant complains that Plaintiffs failed to: 1) state an exact sum in the Complaint; 2) properly serve Home Depot; 3) furnish a written statement of the amount of damages within 5 days of Defendant's Answer or at any time subsequently until September 22, 2025; 4) respond to Uniform Interrogatories within 30 days of filing of the Answer as required under New Jersey Court Rules. As noted above, New Jersey court rules do not permit a plaintiff to request a specific amount of damages in the complaint. As to the remaining contentions, Defendant does not present evidence to suggest that Plaintiffs' conduct was more than negligence or bad judgment[2] and done intentionally to deny Defendant the opportunity to remove this action.[3] *See, e.g., Traina v. Liberty Mut. Grp., Inc.,* No. 16-4991, 2017 WL 957849, at *3 (D.N.J. Mar. 10, 2017) (finding that upon consideration of entire record, procedural delays by both parties in underlying action were litigation-related and did not constitute bad faith as required under 28 U.S.C. § 1446(c)(1)); *Gainer,* 2024 WL 4940545, at *4 (granting remand where defendants did not meet "heavy burden" to show bad faith and noting "bad faith determination merely asks whether Plaintiff engaged in intentional conduct to deny Defendants the opportunity to remove the case to federal court."); *Bolus,* 2019 WL 3001628, at *3–4 (rejecting arguments of fraudulent joinder as sufficient to satisfy "heavy burden of persuasion" to show bad faith under 28 U.S.C. § 1446(c)(1)). Here, the Court finds that Defendant has not met its heavy burden to show that Plaintiffs acted in bad faith to prevent removal. Therefore, removal was untimely under 28 U.S.C. § 1446(b)(3). Moreover, because removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand, Plaintiffs' motion to remand is **granted**.

## C. 28 U.S.C. § 1447(c), Attorneys' Fees and Costs

Plaintiffs seek attorneys' fees and costs claiming that Defendant's untimely removal was "unreasonable" because this case was removeable since its inception. Pls. Opp'n Br. at 7. Under 28 U.S.C. § 1447(c), the Court may, in its discretion, impose fees on a party for improper removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005). An award of fees turns on the "reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

---

[2] Plaintiffs' counsel's delays in meeting litigation deadlines are consistent with the untimely filing of the reply brief. If this action were to remain in federal court, this Court would not tolerate such disregard of deadlines.

[3] While Defendant blames Plaintiffs for their delays in providing a statement of damages, it is worth noting that Home Depot "commonly removes state court personal injury actions to federal court alleging that more than $75,000 is at issue; cases that contain little or no detail of the injuries alleged…" *Durate v. Home Depot U.S.A., Inc.,* No. 19-11429, 2019 WL 5654051, at 3, n.3 (D.N.J. Aug. 2, 2019); *see also* 28 U.S.C. § 1446(c)(2)(A) ("the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice [] does not permit demand for a specific sum").

As discussed above, removability was not evident from the four corners of the Complaint. Furthermore, while the Court ultimately did not find that Plaintiffs acted in bad faith, Plaintiffs' delays in providing a statement of damages constituted a reasonable basis for Defendant to contend that removal was timely under (b)(3). Thus, the Court denies Plaintiffs' request for actual expenses and attorneys' fees from Defendant. *See, e.g., Traina*, 2017 WL 957849, at *3; *Bogdan v. Voyavation, LLC*, 717 F. Supp. 3d 421, 427 (E.D. Pa. 2024) (denying request for fees).

## III.   CONCLUSION

For the reasons set forth above, Plaintiffs' motion to remand is **GRANTED.** Plaintiffs' request for fees and costs is **DENIED.** An appropriate Order follows.

_____

**WILLIAM J. MARTINI, U.S.D.J.**

Date:  December ____, 2025